2-14-1231, the people of the state of Illinois, plaintiff's appellant, the Ronald Jarvis, defendant at lease. Arguing on behalf of the plaintiff's appellant, attorney Ms. Joan Kripke. Arguing on behalf of the defendant at lease, attorney Ms. Bruce Kirkman. Ms. Kripke, good morning. May it please the court, Joan Kripke on behalf of the people of the state of Illinois. This appears to be a case of first impression. In my research of the case, I could not find any case law that had the exact same type of facts that were found in this case. Did you find any out-of-state cases? No. Did you find any unpublished Rule 23 orders? The only unpublished Rule 23 order I cited to was the one from Delaware. Which in Delaware apparently is considered precedential so this court could look at it. But that is what I, I couldn't find anything in it. But I think that the statutes and the other case law that does exist that have similar type of cases covers the situation here. Counsel, don't you think that Officer Stankiewicz should have been required to state in his affidavit that there was evidence that the defendant had previously concealed drugs in intimate parts of his body? No. In order to permit the strip search? No. Why not? Because the strip search was permissible because he put in paragraph 8 that said that he was on MSR. What evidence was introduced at the hearing that he was on MSR? At the hearing or when he asked for the search warrant? Well, both. Well, we don't know what happened when he went to the issuing magistrate. Cornegay says that this court, when reviewing why a search warrant has been issued, that you cannot do a de novo review of the reasons behind the court finding probable cause. The issuing magistrate finding probable cause. And you should not substitute your judgment for that of the issuing magistrate. So in this case, we don't know. Maybe he showed them records. We simply don't know. But once he came to the hearing. Wasn't it your burden at this point to show us the evidence? I mean, how do we know what was known and what wasn't known? He wasn't raised at the trial court. So the burden of proof was on the defendant to show that there was a lack of probable cause for the issuance of the warrant. And because it was he was the move. The defendant was the movement movement to suppress the evidence. So when the when the defendant came in, all he did, he never attacked the affidavit. He didn't even give the affidavit to the trial court. All he did was not attack. He didn't even really attack the affidavit. All he attacked was the search and said, you can't do this search. You couldn't. There was no reason to do this search. And the court agreed with him. The court said, well, there was a pat down. No contraband was found. I don't see why he was allowed to go further. Well, the court was wrong on that basis for for a couple of reasons. First of all, the search warrant was issued for the search of the person. And that's an interesting question. What does that mean? And I would have to make the analogy in this case of when a search warrant issues for the search of a car, the police are not constrained to opening the car, looking through the windows and looking to see what's on the surfaces. They're allowed to go in, look under the seat, open the glove compartment, open the trunk. They can even tear their car apart. Isn't one's body a little different than a car? Well, yes, it is. But this defendant was on MSR. And. And. Why are you going to MSR instead of focusing on the search warrant? The warrant was for the search of the defendant's person. Yes. There was probable cause that the defendant had contraband. Yes. The justification for the search was in the affidavit. There was probable cause not only to search him, but to arrest him. Yes. The Constitution allows misdemeanors arrested to be searched, including a strip search, prior to incarceration. So you look at the justification. Here you have a search warrant. So the police went above and beyond what they would otherwise be. They could have done an on-view arrest and searched him because he's going to the county jail. Why should he be treated differently when there's a search warrant? Well, I agree. And what's interesting here is that. Well, that's my point. The state did not rely on the MSR in the trial court. So talk about the search warrant here because that argument was largely waived. This is not a case where the table's turned. You have to rely on the arguments you made in the trial court. I understand that, but I do believe that we. Because when we did argue, we presented the. I will answer your question, but we did present the underlying affidavit to the court. Wasn't that in the motion reconsider? No. At the court, we entered into evidence. It was after the court denied our motion for a directed finding. Right. Okay, and so then the burden shifted to us. And the first thing we did is we said we wanted to enter into evidence the underlying documentation. And the defendant did not. The defendant said fine. At that point, the defendant had a second opportunity to attack the underlying affidavit, which he failed to do. He concedes in his brief that there was probable cause for the search of his person, doesn't he? Essentially, that there's probable cause. Does he concede in his brief? He doesn't attack the search warrant. The issue is the scope, correct? Excuse me? The issue is the scope of the search. Isn't that what this boils down to? But the scope of the. . . Well, what they're arguing is that this turned into a body cavity search, which we disagree. Well, I don't think they're saying it was a body cavity search. They argue in their brief that it was. . . And they argue below that it was tantamount to it because of the way it was conducted. They said it had to be asked for within the search warrant. And then they tried to turn it into a body cavity search, which it clearly was not. Well, why doesn't a person have a heightened degree of privacy in his buttocks as compared to his external body generally? And I'm not talking here about a cavity search. Why doesn't he? Yes, why doesn't he? They talked about the privacy issue. So because this is the search of. . . because the warrant issued for the search of the person. So person means every part of the body, is that correct, excluding external, internal? Yes. And how do we know that? And how do we know that? Because a pat-down search is defined under Illinois law, and a pat-down search is a search that's performed to ensure the protection of a police officer or anybody in the vicinity should the defendant have weapons on him and could pull the weapon on them. Well, that was done at the scene here. And that was done at the scene. And if you come up with contraband, that's more power to you. Then you have the contraband, you arrest the person, you take them in. But they didn't find contraband here. And the case laws are complete with references to when they say it's known that the people who sell drugs, and this defendant had a long history which was explained in the affidavit, that people who sell drugs frequently secret the drugs in their buttocks, in their groin area, in places that are considered private. That wasn't said in this affidavit. No. That was not in this affidavit. No, it wasn't. I'm sorry, did I mishear you? No. Okay. No, you did not. The case law frequently refers to that. Right. But we don't have that here. And isn't that crucial? I don't believe it is. I think that it's something that should be known to the issuing magistrates. And this is case law that's known. They say, and when you have a search of a person. Again, we don't have a definition. The only definition that I could come up with was that one from the Delaware Rule 23, which said, common sense indicates that it's more than a pat-down search. The search warrant said search of the defendant's person. It didn't say search of the defendant's clothes. Correct? Correct. Includes the defendant's person. Correct. We're not talking about below the skin searches, which are distinguishable from just the view of the body. That also is correct. Why didn't the police officer just get authority for a strip search or through a warrant or through 103? I mean, if you're saying, hey, it's common that drug offenders typically carry drugs and conceal drugs, why couldn't he put that in the search warrant? Wouldn't that have been the better way to go? Of course it would have. But that does not say that that defeats the entire warrant or defeats this particular search. Now, they did ask him, why didn't you, the 103-1E or F says that you have to ask your supervisor. Correct. You have to ask your supervisor. So why did you ask your supervisor? And he said, why did I have to ask a supervisor? I had a search warrant. I had gone to a magistrate. And not only that, even if he doesn't, even if you fault him for that and say that he didn't follow protocol, the result is not to suppress the evidence. The result is to, you can sue the police department or they can discipline the officer, but the result is not the suppression of the evidence itself. Let me ask you this. What if the police officer, after he had the defendant down on the street outside of his vehicle, said, okay, take your clothes off, squat, and cough? Would that have been reasonable under the Fourth Amendment? No. It wouldn't have been reasonable under the Fourth Amendment. It wouldn't have been reasonable under the statutes of the state here. And so what's interesting here is it would not have been reasonable to do it on the street in public? Absolutely not, because the statute says you must do it. You have to take the person to a place. Which statute says that? 103-1. But they're not relying on 103-1 because he didn't follow the guidelines 103. He's relying on the search warrant, correct? He's relying on the search warrant. Do we look to the Fourth Amendment and balance the need for a particular search against the invasion of personal rights that this search entails, and we look at the circumstances surrounding the search? Isn't that what we look to, is the Fourth Amendment? Yes, but you can't take the search. You're taking the affidavit and the search warrant, and you're totally ignoring paragraph 8. And you can't. You have to look at it as a whole. The court has to look at it as a whole. You can't say I'm going to look at part and not the other part. You're finding fault with the part where he didn't specifically ask for a search of the person, a search of he didn't articulate that he said that. Strip search. He didn't say strip search. He didn't. I don't think he had to say strip search. I think what you were asking me is didn't he have to articulate to the judge that often drug dealers secret the drugs in the plate? The contraband. The contraband in their buttocks or whatever, and he didn't. But what do you think? We owe deference to the trial court all reasonable inferences that can be drawn from the affidavit. That's true. Go to the state's benefit when there's been a warrant, correct? That is correct. And here the warrant said search of the person, and your argument is it doesn't have to say strip search because a strip search is included in search of the person. It is included in it, and the search warrant itself only under the statute only has to specify when a body cavity search is going to be conducted. It doesn't have to specify the other kind of searches. That's what the defendant is arguing. But if you look at the statute, which they're relying on, it doesn't say that. But the other thing that's important to remember here is that, and this was really interesting language that I just sort of pulled up this morning when I looked at Samson v. California again. What they said is a person who is on MSI, they refer to it as parole, is not like someone who's on probation. A parolee is sort of like it's an extension of being incarcerated. It's an extension of their term in jail. And when you're in jail, you are in custody. You have fewer privacy rights, which answers, I think, Justice Zenoff, your questions about the Fourth Amendment. You have fewer privacy rights. And included in that, regardless of how intrusive a strip search is, that includes a strip search. And what we know also is that when you look at the Illinois Administrative Code, which deals with prisons, and they talked about local jails, the section that I cited, they talk about detainees. They don't talk necessarily about people who are arrested. And then they refer back to the strip search, to 103-1. But I think what's important, I mean, you have to, when we look at the Post-Conviction Hearing Act, for example, and it says who can file a petition under this, well, there are three parameters. It has to be timely, it has to be notarized, and it has to be someone who's in custody. And in custody has always been considered to be a person who is on MSR. It includes MSR people. So that would show an extension. What was the exact language in the affidavit that showed that he was on MSR? They said he's on parole. I don't think that's the... I think that's what was in the affidavit. I would think it was paragraph 8. It said that. Yeah. I mean, that should have alerted the court. It should have alerted a lot of people below. But there's no evidence presented at the hearing regarding MSR. That's not correct. We have just the statement in the affidavit. Correct. And wasn't that argument forfeited? It wasn't raised in the trial court. It was not forfeited for the reasons that we stated under Jackson and Vasquez. I agree. We did not make the argument below. But the burden of proof was on the defendant to attack the affidavit. He accepted the veracity of the affidavit. So the defendant argued on appeal that we had forfeited it and there was nothing before the court. But that's not what Vasquez says. Vasquez says when the documentation or the information is before the trial court and you have de novo review, you can look at that. So you have to look at it and say, well, the affidavit did include the MSR statement. The court below erroneously decided that there was nothing in the affidavit that allowed him to have a strip search. And that's not true. When you are an MSI, the person contracts with the state that to be out in public, he will submit to us a search of his person. So now we're back to what is a search of his person. And the only definition that I could find is that case from Delaware. Did you look at Black's Law Dictionary? I did. I couldn't find it. Well, there is a definition. Yes, there is. Is there a Black's Law Dictionary? I couldn't find it. What did you look under? I was looking under search, I guess. The living body of a human being. Okay. Sorry, I guess I didn't think that they would define a person. No, it's defined. Okay, so then I admit my error in looking in that particular area. So if they're saying it's the living body of a human being, that's more than it's close. You want to wrap up? Yes, for all these reasons, we believe the trial court below made rulings that were against the manifest way to the evidence and that they made legal rulings that should be reversed, including a ruling where the court said I've tried to find actions outside the affidavit and outside the warrant that would justify this strip search of this person, and he's not allowed to go outside the four corners of the document. But that's what the court said it was trying to do to find a justification. So for all these reasons, we ask you to reverse the ruling of the trial court suppressing the evidence. Thank you. Thank you. Mr. Kirkham. Good morning, sir. Good morning, Your Honors. May it please the court and counsel, my name is Bruce Kirkham, and I represent the defendant affilee, Mr. Ronald Jarvis, this morning. It's indisputable that Mr. Jarvis is protected under the United States and Illinois Constitutions against unreasonable searches of his person, and the defendant met his burden below to show the strip search conducted by police in this case was unlawful. The state, however, failed to meet its burden to present any facts that showed that the strip search was reasonable. The trial court made findings of fact and found that the defendant was not under arrest and the strip search was outside the scope of the warrant that was issued by Judge Philip. There was no below-the-skin search, correct? No below-the-skin search is correct. And the order was basically bend, turn around, or squat, cough. Correct. That's the procedure that was employed. The United States Supreme Court in Florence v. Board of Chosen Freeholders, a 2012 case regarding misdemeanor arrestees, said that that exact procedure is perfectly acceptable by correctional employees. Why should a police officer who has obtained a warrant for a defendant's search, the defendant is probable cause that the defendant has contraband on his person, why should police officers getting a search warrant have to go above and beyond what correctional officers have to do for misdemeanor arrestees? Why should that be treated any differently? Well, it's important to distinguish the different circumstances under which strip searches arise. Okay. This is the circumstance here. Let's talk about the circumstance here. There's a search warrant, probable cause for a search of the defendant's person. Let me preface my answer to that. There's two different, okay, you can do a strip search incident to arrest. You can do a strip search prior to incarceration in a detention facility. Okay. The Supreme Court or Illinois Supreme Court have recognized that those strip searches are constitutional because of the peculiar circumstances involved in a person being arrested for protection of the officer, for seizure of evidence, for institutional security. None of those concerns are implicated here. You're talking about the manner of the execution of the warrant is primarily what you're talking about, correct? Correct. The defendant's person is clearly listed as an area to be searched in a warrant. Your problem is with the manner it was conducted in, correct? Correct. And what is problematic about the manner in which it was conducted? It was conducted in a room in a police department where there are male officers conducting the strip search. What is problematic under the Constitution with that search? Well, both the United States Supreme Court and the Illinois Supreme Court have recognized a hierarchy of privacy interests in the person. Correct. How do you jive that with Seymour? Seymour was search incident to arrest. Correct. And search incident to incarceration. PHP, edit down. Neither of those are taken. Joe, excuse me, Justice. Let him finish his answer. Go ahead. I apologize. I didn't mean to interrupt. No, go ahead. But when you're executing a search warrant and the person is merely detained and not arrested, and that's a finding of fact that the trial court made here. The defendant was not under arrest. He was merely detained for execution. What's an arrest? It requires something more than execution of a search warrant. Was he in custody? Did he feel free to leave? Well, same question. Yeah. Was he in custody? Did he feel free to leave? Well, I assume that he didn't feel free to leave when he was taken to an interview room at the Carpentersville Police Department. But that doesn't mean that he was arrested. I mean, that's a finding of fact that the trial court made below, saying he was not arrested until the contraband that was discovered during this unreasonable search was located and ceased for him. Well, ultimately, that's a finding of fact. The ultimate determination is whether or not there's been a violation of the Fourth Amendment. It's been over-reviewed, correct? Correct. And the Allied Supreme Court has said repeatedly that an arrest occurs any time a person's freedom of movement has been restrained or diminished by force or a show of authority. There clearly was a show of authority here. He was taken from the street to the police department. The warrant only authorizes search of this person. This was not an arrest warrant. And at no point did he – I mean, is everyone who's momentarily detained for – The question was, the language in People v. Williams, the Allied Supreme Court, which is argued every day in courts across Illinois, my client was under arrest because he was detained. It was a show of force. You don't have to have an arrest warrant or a full-blown arrest and processing for an arrest to take place if freedom of movement is restricted by force or show of authority. That's an arrest. But I don't understand how you – Was he taken to the police department? Yes. And that's not an arrest? Not under a warrant to search his person. He was merely detained for the purposes of execution of the warrant. He was not arrested until after the contraband was discovered. Was there a probable cause to arrest him with $90 in his pocket? Because of the money in his pocket? No. I mean, there's nothing illegal about having $90 in your pocket. Mr. Kirkham, if a search of the person does not include a strip search, to what extent, if any, does it authorize search of the body? Where do you draw the line? I mean, is it only the clothing the person is wearing, or can he be required to take his shirt off, or what? You know, every case is determined on its facts. Okay. So there's a gray area below a strip search, and I don't know the exact answer to your question without being able to examine specific facts in that case. Is it illegal to perform a search under a warrant for search of the person to have him remove his shirt? I mean, clearly that's an invasion of the body. The Will County grand jury case is taking hair from the head, so there's a heightened privacy interest. Right, but that's different than our facts situation. Nobody touched the defendant here. It was only visual observation. So that is different than our Will County case, is it not? And there was no probable cause found. I mean, the court there did say you needed probable cause in order to take a pubic hair. That was a grand jury subpoena. Right. But you can go beyond Will County grand jury and all the cases that analyze strip searches in the context of search instance to arrest and search prior to incarceration. Talk about an invasion of privacy, an invasion of a heightened zone of personal privacy. Yes. 103, section 103 talks about and takes out of the strip search category person for whom there's a suspicion of probable cause to believe they have weapons or contraband on their person. Those persons can be strip searched under 103, even without a search warrant. Even when you acknowledge it, they can be searched even without a search warrant. If there's reasonable grounds to believe they have contraband or a weapon on their person, even if they're a misdemeanor arresting, they can be strip searched. If they are arrested, the search incident progressed, or if they are about to be incarcerated in the detention facility. Again, you acknowledge that they can be, correct? Under those circumstances, not for execution of a search warrant. Without a warrant. If they're taken to a detention facility. You're saying that you have to actually, even though you have probable cause the person's committed a felony and that he is in possession of contraband, narcotics, you have to have more with a search warrant. Yes. Okay. Let me ask you this. You cite Winston v. Lee in your brief for the proposition that a more substantial justification is required for searches intruding upon an area that society recognizes as a heightened, for heightened protection, correct? Correct. And what was involved in that case? That was a case where the gentleman was shot and had a bullet in the shoulder and they. . . They wanted to do surgery to take the bullet out of him and they didn't need the evidence. Sure. But like I said before, you've got a hierarchy of privacy interests. A strip search would be below a forced surgery, schmerber, a blood draw as an invasion into the body. Those are even higher levels of personal privacy interests. But that doesn't mean strip search doesn't have. . . For a strip search. Not specifically for a strip search. Again, that's what we're talking about. We're not talking about a below the skin surface search. We're talking about a classic strip search. Take your clothes off, bend over and cough. It's a classic strip search, correct? Correct. Was that a strip search or was it more of a visual examination? Or is there a difference? It falls within the statutory definition of strip search, which involves having a person remove clothing below their waist and an officer conducting a visual examination of buttocks and genital areas. You know, I don't think we're going to resolve this issue right now, so let's move on from mandatory supervisory release. Let me know, what do you think? Do you think that that issue was raised, waived, or was it raised at the trial court by merely placing it in the affidavit? No, the state didn't ever, during the hearings on the motion to suppress. . . Well, isn't the defendant responsible for looking at the evidence they placed in that being the affidavit, which listed that? Would that shift the burden? Let me make this observation and try to answer it this way. Even if you say that the defendant was on MSR and that that's not waived, the MSR is a consent to a search of the person, which puts you in exactly the same spot that the warrant was in this case. The state gains no additional right to conduct a strip search if he's on MSR under that consent to a search of a person. They already had a warrant for the search of the person. The fact that he's on MSR adds nothing to the analysis of this case. Do you have any case law that states that with MSR there is no right to conduct a strip search? I'm not aware of any. I don't know that it's come up. What are you relying on? And I'm asking you this because I am curious, and I haven't found anything either. The parameters of a search under MSR. 730 ILCS 5-3-3-7A10. Every person released on MSR consents to, and here's where I begin quoting, a search of his or her person, property, or residence under his or her control. The statute that requires this, that sets up this scheme, means that he is consenting to a search of his person. And then we go back to that definition of person. Then you go into this hierarchy of protected privacy interests, which our Supreme Court and the United States Supreme Court have recognized that when you invade areas of personal, get the exact kind of information. So what is this invasion like? Which case? You said we've got the grand jury case, but the facts there aren't exactly like these. They're more intrusive. Justice Burkett brought up Winston v. Lee. If I may read a little excerpt from that. This is a conclusion of, it says, The Fourth Amendment is a vital safeguard of the right of the citizen to be free from unreasonable government intrusions into any area in which he has a reasonable expectation of privacy. Where the court has found a lesser expectation of privacy, or where the search involves a minimal intrusion on privacy interests, the court has felt the Fourth Amendment's protections are correspondingly less stringent. Conversely, however, the Fourth Amendment's command that searches be reasonable requires that when the state seeks to intrude upon an area in which our society recognizes a significantly heightened privacy interest, a more substantial justification is required to make the search reasonable. Again, that was the do-me-do in invasive surgery to remove a bullet. So what's the more substantial justification? Probable cause to conduct a strip search. To conduct a strip search, so a search without clothing on. Yes. So of what relevance is the word person in the search warrant here then? I mean, so person, we're back to the definition of person that we just talked about a few minutes ago with the state in terms of it's the body. So you're saying that we have to infer that it's only certain parts of the body that can be searched. Well, the Illinois Supreme Court is in Will County Grand Jury, and then again in Seymour, the search at the jail case. You know, the Supreme Court said the pubic area has been regarded as one of the most private areas of the human body, one which is normally hidden from the view of others. It says the demand for pubic care in Will County Grand Jury represents a considerable intrusion into personal privacy. That required probable cause. Yes. That's all they said. Well, but where's the probable cause to conduct a strip search and to invade that area of a significant privacy interest? If there was probable cause presented to the grand jury that the defendant, or the person who's been subpoenaed, the witness who's been subpoenaed, that there was probable cause that his pubic area may have been proven some evidence, that's all that would have been required. That's what in Will County Grand Jury says. It doesn't say searches of pubic areas are improper under the Fourth Amendment. It doesn't say that. And I'm not saying that the police... What if the warrant had said, and I apologize, sometimes you halt and I think you're finished with your answer, but what if the warrant had said a search of the defendant's clothing and his person? Would that have been okay? No. No, because that does not include that zone of a significantly heightened privacy interest. How about if it said the defendant's clothing, his person, including private areas, including his buttocks and genitalia? Would that have been okay? Yes. But that would be part of the warrant that was issued upon a showing of probable cause. Do you have a case that says that from any jurisdiction? No. We're asking you to expand these cases of recognizing significant areas of heightened interest and to say that, you know, as in the passage I read from Winston v. Lee, you can't just say a strip search is treated as any other kind of search of the person. The problem is where you draw the line, though. That's what I was trying to ask, I mean, before. Right. Well, and it is a case-by-case basis. Any strip search for any parts of the body? You know, we're not arguing. Or only. Go ahead. The genitalia? I'm not arguing that a strip search could never be included in a warrant for the search of the person. What I'm saying is that the officer who updates that and the issuing magistrate has to make a finding of probable cause to expand the intensity of the search beyond a mere search of the person to invade that heightened privacy interest. Don't we use our common sense in looking at a warrant and what the court authorizes? We do, but we also recognize— And all deference is owed to the issuing magistrate, correct? Yes. But the issuing magistrate here did not authorize a strip search. Well, the issuing magistrate could have said when he executed or when he signed the warrant and ordered and commanded those officers conduct a full search of the defendant's body or the defendant's person, the court could have said no strip searches, but that's not what the issuing judge did. He did not restrict it in the fashion that you are suggesting it should have been restricted. Right, because it didn't authorize it, though, either. I mean, the converse is true. The fact that he didn't specifically prohibit it does not mean there's— My blood draws are reasonable under the Fourth Amendment if there's exigent circumstances or reasonable grounds to believe a person's under the influence, right? Correct. And that's a below-the-skin search, correct? Correct. I'm going to have you wrap up. I have one more question. Go ahead. In your brief at page 9, you talk about the affidavit of the officer and you argue that it didn't contain information that, in his experience as a member of the gang unit and handling drug cases, that persons who sell drugs are known to conceal contraband in their private areas beneath their clothes. My questions are, if it had that, if he'd either testified to that at the hearing or if it was in the affidavit, would that have been enough to authorize the search that was conducted here or to make it reasonable? Well, I think that if you—if the officer makes that representation and puts that in his affidavit, then, you know, I think you can presume that the issuing magistrate considered that when he issued the warrant, yes. And then—so that would have been sufficient had we had that in this case? Yes, but that's not the case. But isn't that common knowledge today? I mean, why do we need this, quote, expert testimony? I mean, isn't—aren't we at the point in our society that this really is common knowledge? Well, I— Common sense? I would respectfully disagree with you, Your Honor. I mean, you're basically saying, can the judicial system in Illinois take judicial notice that drug dealers are known to carry contraband concealed in the private areas of their body? But that's not a universal truth. Not every drug dealer carries drugs between their buttocks. You know, judicial notice is for undisputable truths, easily verifiable universal truths. You can't just merely presume that because other people have concealed drugs in that manner that every person who deals drugs conceals the drugs in that manner. A search warrant, just—generally speaking, a search warrant, when there's a search warrant authorizes a search of a particular person or place, police officers are entitled to search any place where it's reasonable that that item or items could be found. Would you agree with that? Well, you know, I know the state talked— Would you agree with that? No. Because the state talked about if there's a warrant for a search of a vehicle, you can open containers and all. The United States Supreme Court and the Illinois Supreme Court have recognized the pubic area, the private areas of a person, to enjoy a more specific, more substantial interest in their privacy in those areas, which precludes an unwarranted search. You have to have probable cause for those searches. Yes. Yes, there has to be a showing of probable cause. I would just conclude— I'm going to ask you to conclude. Thank you. Okay. Thank you, Your Honors. I would ask you to consider also we've talked exclusively about the Fourth Amendment here today. The Illinois Constitution includes an additional right to privacy that is not present in the United States Constitution. I urge Your Honors to look carefully at that privacy clause that I made. We didn't get a chance to discuss that today, but— Article I, Section 6. Correct. That's highly significant and very relevant to what we're discussing here today. Thank you, sir. And so for these reasons, I would ask Your Honors to affirm the judgment of the court. Thank you. Ms. Krupke. Krupke. Did I call you Krupke? In Cornegate, Paragraph 34, it says that the issuing magistrate must make a common-sense decision given all the circumstances in the affidavit that there's a fair probability contraband or evidence of a crime will be found in a particular place. So let me ask you this. Did anybody testify at this hearing that it is common for drug dealers to hide drugs in their cavity? It's not a cavity search. Or any part of their body. Did anybody testify to that? No. So if you had a jury trial and you wanted to talk about what drug dealers commonly do, they have scales, they have, you know, back in my day, pagers or large amounts of money or ziplock baggies, wouldn't you need an expert to testify to that before the trial or fact? No. No? Because this isn't a trial. No, but I'm just saying, analogizing it, at a trial, wouldn't you need an expert to testify to this behavior before the trial or fact? I mean, it's not common knowledge, correct? For a jury, perhaps not. So what we're dealing with here is an issuing magistrate and a reviewing magistrate and now a panel of judges. So how do we know that the magistrate knew that drug dealers commonly hide things in their body cavities when he issued this warrant? If he wanted to put it, if it was a body cavity search, the magistrate would have had to indicate that this was not a body cavity search. Right, but there was, I don't know what to call your anus. Is that a body cavity? Yes. Okay. So that's where the drugs came out of. No, they came out of the area between his buttocks. Difference. Big difference. The private part, as they say in the sex abuse cases. But that's not the issue. You can't separate one part of the affidavit out from the rest of it, and the rest of it includes paragraph 8. So all this discussion about the heightened privacy does not apply to someone on MSR. Let me ask you this question. Was the police officer who conducted this search of the body, whatever you want to call it, was he aware that he was on MSR? He's the one who wrote the affidavit. It's the same officer. And what's frustrating to me in this case, or what's being turned on its head here is, if and why I couldn't find a case that was on point, is because most of the cases that talk about this are cases where the defendant is on MSR, and the police go to his home and search the guy in the home, they do a strip search in the home, find the contraband, arrest him, and bring him in, and then there's an issue of whether or not they could do the strip search. And it's allowed under the MSR statute. Here, they went out of their way to do something else, what the courts are always begging the police to do, get a warrant. So they get a warrant, and they don't go invade his home. They don't. They take him, and they conduct this search of him in a facility under all the appropriate protocol that's listed in the statute. Really? Yes. What didn't they do? They didn't ask a supervisor, but they had a warrant. And I'll say it again. So then either you're going under the warrant or you're going under 103. They didn't comply with the recommendations rules of 103, did they? Yes, they did, except asking for a supervisor. But what does it say, and, or? Okay, so let's say that you're going to dismiss this and say, no, it's an either-or situation. The result of not asking a supervisor is not suppression of the evidence. I think that's subsection H. You can't suppress the evidence because he didn't ask for a supervisor. That's not the correct way to end all this. But I want to take you back because you were talking about ‑‑ Counsel, I just want to talk about the MSR for another minute because Mr. Kirkham indicated that he felt that even if he was on MSR, that still takes us back to the very same place with respect to analyzing the Fourth Amendment issues and the reasonableness of the search and the fact that we don't have authorization, or they didn't have authorization for a strip search. How do you respond to that? They had authorization and said you can do a search of the person. The MSR statute under 7A10 tells you you can do a search of the person. Right, but he's saying a search of the person does not mean every part of the person's body. That's right. There are certain parts of the body that need a heightened scrutiny. And all the case law says is that a person who is on MSR is not entitled to a heightened ‑‑ they don't get a higher privacy right to their body. So they don't? No, they don't. Where does it say that? In most of the cases, in the MSR, when they're talking about MSR. So you can do anything to somebody who's on MSR? No, you can ‑‑ if you're going to ‑‑ you must, for a body cavity search, you must ask permission. All right, but again, you've indicated and we all agree this is not a body cavity search. It's not a body cavity search. But for a strip search, yes. And when you go back to 20 Ill Administrative Code 720.70, it talks about security in municipal jail and lockup standards. And subsection A says, detainees shall be given an immediate frisk search. And then it goes on under B and it says, strict searches shall be performed in accordance with 103-1. By a person of the same sex, et cetera. All the same. And then they say, a strip search means having an arrested person remove or arrange some or all of his or her clothing so as to permit a visual inspection of the genitals, buttocks, anus, female breasts, or undergarments of such persons. That's what a strip search allows them to do. Let me ask you this. There's a recent third district case. Unpublished order. I don't know why it's unpublished, but it's exactly the same. So therefore, it's not precedent. No, it's not precedent. But both parties said they looked for both. But exactly the same facts. People versus Alfonso Hill. Search for the defendant's person. Alfonso who? Alfonso Hill. 2015, L.F. 3rd, 140323. And it's not precedential because it's a Rule 23 order. But apparently the third district thought this is so rote, it's not worthy of publication. And they ruled? They upheld the search. There was a search warrant for the defense person taken to the station, ordered to turn around, bend over, and call. I don't recall if I saw it or not, but I didn't think we could cite it. I'm just commenting that apparently the third district thought that this was such a simple, straightforward issue, it did not merit publication. Well, it may have had another reason for not. Maybe. It might have, but I would encourage this court to carefully inspect the reasoning of the third district. And we're asking you again to please reverse the ruling of the trial court suppressing evidence. Thank you. Thank you. Folks, thank you for your arguments. We were commenting today in the back on how exciting it is to have these very intelligent conversations and discussions and oral arguments. And we truly enjoy those and enjoy your professionalism and your time here today. We thank you very much. We'll take this case under consideration, and a decision will be rendered in due course. Thank you very much.